CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 03 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN H. JONES, | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00101 |
| v. | ) MEMORANDUM OPINION |
| COUNSELOR KEGLEY, | ) By: Hon. James C. Turk |
| Defendants. | ) Senior United States District Judge |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, brought this action styled as a petition for writ of mandamus, complaining that prison officials will not allow him to make any legal telephone calls to seek representation by an attorney. Because Jones asserted that as a convicted inmate, he has some right to make calls to an attorney, the court construed and filed his petition for mandamus as a complaint under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Jones did not apply to proceed in forma pauperis or prepay the $250.00 filing fee for this civil action. Upon review of court records, the court concludes that Jones' complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. See Jones v. Hadley, Civil Action No. 98-

1

0066-R (W.D. Va. 1998). Clearly, the allegations summarized above do not present the slightest indication that defendant's actions place Jones in imminent danger of any physical harm whatsoever.

Inasmuch as Jones does not allege any facts in this complaint suggesting that he is in imminent danger of physical or irreparable harm, he does not qualify to proceed without prepayment of the filing fee. And as the court has not received prepayment of the filing fee for this action, the court will summarily dismiss the action without prejudice, pursuant to § 1915(g).[1] An appropriate order shall be issued this day.

ENTER: This 3rd day of March, 2006.

_____
Senior United States District Judge

---

[1] In any event, Jones also fails to state any ground upon which he would be entitled to the relief he seeks. First, he fails to demonstrate that he is entitled to mandamus relief from this court. Federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). The authority of federal courts to issue extraordinary writs derives from the "all writs statute," 28 U.S.C. §1651. This authority, however, exists for the sole purpose of protecting the respective jurisdictions of those courts and not to provide a separate avenue by which inmates may file civil rights actions. Second, Jones fails to state that he is entitled to any sort of relief for violation of his constitutional rights, such as might present an actionable claim under 42 U.S.C. § 1983. Specifically, he fails to allege any facts suggesting that denial of legal telephone calls has specifically hindered him in pursuing any sort of litigation or otherwise violated his limited right as a convicted inmate to access the courts. See Lewis v. Casey, 518 U.S. 343 (1996).

2

Case 7:06-cv-00101-JCT-mfu   Document 2-1   Filed 03/03/06   Page 2 of 2   Pageid#: 4